USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AMIT NANGIA,

      Petitioner,

  - against -

UNITED STATES OF AMERICA,

      Respondent.
------------------------------------------------------------x

11 Civ. 6056 (RMB)

**OPINION & ORDER**

## I. Background

On or about August 19, 2011, Amit Nangia ("Nangia" or "Petitioner"), proceeding pro se, filed a petition for a writ of error coram nobis ("Petition") seeking to vacate his September 23, 2003 guilty plea to one count of conspiracy to commit bank, wire, and mail fraud (involving approximately $600 million) in violation of 18 U.S.C. § 371 and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (Plea Tr., dated Sept. 23, 2003.) On February 27, 2004, Petitioner was sentenced to twelve months and one day of imprisonment. (Sentencing Tr., dated Feb. 27, 2004, at 11.) And, on April 12, 2005, Nangia was deported to India, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), because he was an "alien who [was] convicted of an aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). See (Govt.'s Mem. of Law in Opp'n to Pet. for Writ of Error Coram Nobis, dated Mar. 5, 2012 ("Govt. Mem."), at 6.)

Nangia contends, among other things, that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. (Pet'r's Mem. of Law, dated Aug. 10, 2011 ("Pet. Mem."), at 4.) Specifically, he argues that (1) his trial attorney, Philip R. Edelbaum, who passed away in July of 2004, failed to advise him of "the immigration consequences of pleading guilty"; (2) his Petition is justifiably late filed because the United States Supreme Court did not decide

Padilla v. Kentucky, 130 S. Ct. 1473 (2010), until March 2010; and (3) Padilla is an "old rule" and should be given retroactive effect. (Pet. Mem. at 5; Pet'r's Supp. Brief in Supp. to Pet. for Writ of Error Coram Nobis, dated Mar. 30, 2012 ("Pet. Reply"), at 2, 6–13.)[1]

The Government opposes the Petition and argues that (1) Petitioner cannot demonstrate that he suffered "prejudice" because, among other reasons, the Court specifically allocuted Petitioner regarding possible deportation consequences at his September 23, 2003 guilty plea hearing (see Plea Tr. at 17); (2) "Petitioner offers no sound reason for the seven-year-long delay between the institution of removal proceedings against him and the filing of his petition"; and (3) Padilla announces a "new rule." (Govt. Mem. at 1, 6, 15, 18.)

**For the reasons set forth below, Nangia's Petition for a writ of error coram nobis is denied.**

## II.     Legal Standard

A petitioner cannot show prejudice if prior to accepting his plea, he is advised that he could be deported as a result of his guilty plea. Gonzalez v. United States, No. 10 Civ. 5463, 2010 WL 3465603, at *1 (S.D.N.Y. Sept. 3, 2010); United States v. Hernandez, 404 Fed. App'x 714, 715 (4th Cir. 2010).

"When a Petitioner fails to provide a sound reason for delay, courts have held that a coram nobis should be dismissed if its filing has been delayed for more than several years."

---

[1] Padilla held that, when "the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence for [a defendant's] conviction," "the duty to give correct advice is equally clear," and incorrect advice or the failure to render advice falls below an objective standard of reasonableness. Padilla, 130 S. Ct. at 1483. The Court concluded that Padilla "sufficiently alleged that his counsel was constitutionally deficient" and remanded for further proceedings to determine whether Padilla suffered prejudice. Id. at 1487.

Cruz v. New York, No. 03 Civ. 9815, 2004 WL 1516787, at *4 (S.D.N.Y. July 6, 2004) (internal quotations omitted).

"[S]elf-serving allegations of ineffective assistance of counsel are not enough to overturn a knowing and voluntary guilty plea." Eber-Schmid v. Cuomo, No. 09 Civ. 8036, 2010 WL 1650905, at *28 (S.D.N.Y. Apr. 22, 2010) (citing United States v. Gordon, 156 F.3d 376, 380–81 (2d Cir. 1998)).

**III.   Analysis**

    **(1)   Petitioner Was Advised of Deportation at His Plea Hearing**

Petitioner argues that "but for trial counsel Mr. Philip R. Edelbaum's ineffective performance [regarding immigration consequences] there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial." (Pet. Mem. at 10.) The Government argues that "Petitioner's assertion that he would have proceeded to trial had he known he faced deportation as a result of his conviction cannot be credited . . . . because, whatever his counsel may or may not have told him, Petitioner in fact knew, before he pleaded guilty, that deportation was a possible consequence of his plea." (Govt. Mem. at 1, 15.)

The Court finds that even assuming, arguendo, that the Petition were timely filed (see infra pp. 6–7), it fails because Petitioner cannot establish prejudice. Ellington v. United States, No. 09 Civ. 4539, 2010 WL 1631497, at *3 (S.D.N.Y. Apr. 20, 2010); Gonzalez, 2010 WL 3465603, at *1. Under Strickland v. Washington, 466 U.S. 668, 689 (1984), a party must show that but for counsel's alleged errors, "the result of the proceeding would have been different." Strickland, 466 U.S. at 689. Where, as here, prior to accepting his plea, a petitioner is advised

that he is subject to deportation as a result of his guilty plea, he cannot show prejudice related to his subsequent deportation. Gonzalez, 2010 WL 3465603, at *1 (S.D.N.Y. Sept. 3, 2010). [2]

At Petitioner's plea hearing, on September 23, 2003, the Court specifically allocuted Nangia as follows: "Do you understand that because you are not a citizen of the United States, it is possible that you could be subject to deportation following conviction? Do you realize that?" and Nangia responded, "Yes." (Plea Tr. at 17:5–9.) The applicable authorities show that such a colloquy is sufficient to preclude prejudice. See Gonzalez, 2010 WL 3465603, at *1 (finding no prejudice where the court "advised [petitioner] that he could be deported as a result of his guilty plea"); Ellington, 2010 WL 1631497, at *3 ("[W]hether counsel failed to inform [petitioner] of the potential immigration consequences of the guilty plea . . . is of no consequence since [the court] explained the issue in open court."); Zoa v. United States, No. 10 Civ. 2823, 2011 WL 3417116, at *3 (D. Md. Aug. 1, 2011) (where petitioner "expressly represented to the Court during his plea colloquy that he understood that pleading guilty to the indictment could affect his immigration status"); Brown v. United States, No. 10 Civ. 3012, 2010 WL 5313546, at *6 (E.D.N.Y. Dec. 17, 2010) ("As courts applying Padilla have recognized, when a defendant learns of the deportation consequences of his plea from a source other than his attorney, he is unable to satisfy Strickland's second prong because he has not suffered prejudice.").[3]

---

[2] To prevail on an ineffective assistance of counsel claim in the context of a guilty plea, a petitioner must show that (1) counsel's performance was objectively unreasonable, and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. Creary v. Mukasey, 271 F. App'x 127, 128 (2d Cir. 2008). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).

[3] Nangia also acknowledged at his plea hearing that he "had a full opportunity to discuss all aspects of this case with [his] attorney," Mr. Edelbaum (Plea Tr. at 7), and that he was "fully satisfied with Mr. Edelbaum's representation" and his "legal advice" (Plea Tr. at 8, 12). Nangia

Petitioner's plea hearing was not the only time Petitioner was made aware of his potential deportation. The Presentence Investigation Report, dated December 15, 2003, which Petitioner reviewed prior to his sentencing (see Sentencing Tr. at 2), stated that "if [Nangia] has been convicted for a serious felony offense, he may be subject to arrest for violations of the Immigration Act." (Govt. Mem. at Ex. A, Presentence Investigative Report ¶ 118.); Mendoza v. United States, No. 11 Civ. 3540, 2011 WL 4424339, at *4–5 (D.N.J. Sept. 21, 2011). And, one of the sentencing requirements was that Petitioner "cooperate with Department of Homeland Security Bureau of Citizenship and Immigration Services in connection with any proceedings they may initiate." (Sentencing Tr. at 12); see also (Judgment, dated Feb. 27, 2004, ECF No. 174, at 4).

Petitioner and his wife have submitted affidavits in support of Petitioner's claim that counsel failed to advise Nangia of immigration consequences and that, but for that failure, he would have gone to trial. (Aff. of Amit Nangia, dated Aug. 10, 2011 ("Amit Aff."); Aff. of Thelma Nangia, dated Mar. 30, 2012 ("Thelma Aff."). The Court need not determine whether the late Mr. Edelbaum's performance was objectively unreasonable because Nangia cannot establish prejudice. See Ellington v. United States, No. 09 Civ. 4539, 2010 WL 1631497, at *3 (S.D.N.Y. Apr. 20, 2010).[4]

---

also confirmed that he was guilty of the charged conspiracy, that he understood "the consequences of pleading guilty," and that no one forced him to take the plea or made any promise to him regarding his sentence. (Plea Tr. at 20–21, 24); (Advice of Rights Form, dated Sept. 23, 2003, at 1–2); see also Eber-Schmid, 2010 WL 1650905, at *14 (S.D.N.Y. Apr. 22, 2010) ("As the Supreme Court has noted, statements made at plea allocutions carry a strong presumption of verity and constitute a formidable barrier in any subsequent collateral proceeding.").

[4]   The Court notes, however, that these seemingly self-serving affidavits are not supported by objective evidence in the record. Eber-Schmid, 2010 WL 1650905, at *28 (S.D.N.Y. Apr. 22,

**(2)     The Petition Appears To Be Untimely**

The Government argues that coram nobis is unavailable here because "no sound reason is offered for the long delay between the purported infringement of a right and the request for relief." (Govt. Mem. at 1.) Nangia argues that there "was no delay in seeking relief" because Padilla was not decided until March 31, 2010. (Pet. Reply at 2.)

"A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where extraordinary circumstances are present." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotations omitted). "The proceedings leading to the petitioner's conviction are presumed to be correct, and the burden rests on the accused to show otherwise." Id. at 78–79. In deciding timeliness of coram nobis, "[t]he critical inquiry is whether the petitioner knew or should have known earlier of facts underlying the claim for coram nobis relief." Evangelista v. United States, No. 11 Civ. 5085, 2012 WL 3818109, at *3 (E.D.N.Y. Sept. 4, 2012) (internal quotations omitted) (citing Foont, 93 F.3d at 78).

Nangia's Petition, filed eight years after his guilty plea (and more than seven years after removal proceedings began, six-and-a-half years after he was deported, and seventeen months after Padilla) appears to be untimely. (Govt. Mem. at 6); see also Mastrogiacomo v. United States, No. 90 Cr. 565, 2001 WL 799741, at *2 (S.D.N.Y. July 16, 2001). And, Petitioner has not shown that "sound reasons exist for Petitioner's failure to seek appropriate relief earlier." (Govt. Mem. at 11); Foont, 93 F.3d at 80 (where petitioner "knew or should have known since

---

2010); Purdy v. Zeldes, 337 F.3d 253, 259 (2d Cir. 2003) ("[I]n most circumstances a convicted felon's self-serving testimony is not likely to be credible."); Slevin v. United States, 234 F.3d 1263 (2d Cir. 2000); see also Slevin v. United States, 71 F. Supp. 2d 348, 356 n.7 (S.D.N.Y. 1999); Chen v. United States, No. 06 Civ. 7159, 2007 WL 4358466, at *3 (S.D.N.Y. Dec. 7, 2007); Reynolds v. Beaver, 383 F. Supp. 2d 424, 425 (W.D.N.Y. 2005).

the time of his conviction [] of the facts underlying his current claim"); Cruz, 2004 WL 1516787, at *4; Mastrogiacomo, 2001 WL 799741, at *2 (S.D.N.Y. July 16, 2001).

Even assuming, arguendo, that the date of the Supreme Court's decision in Padilla were the operative date, Petitioner's August 19, 2011 coram nobis application, in the view of at least one federal court, would still be deemed untimely. See Rojas v. United States, No. 11 Civ. 62267, 2012 WL 3150052, at *7 (S.D. Fla. July 16, 2012). In Rojas, the court found that because petitioner filed her coram nobis motion "more than one year after Padilla was decided," her motion was untimely. Id. at *7. The Rojas court noted that coram nobis is of the "same general character" as habeas corpus and that "[i]f the same limitation is not applied to individuals seeking relief pursuant to a writ of coram nobis, it would result in disparate treatment of similarly situated individuals." Id. at *6–7; see also Mendoza v. United States, No. 11 Civ. 3540, 2011 WL 4424339, at *4 (D.N.J. Sept. 21, 2011).

### (3) Retroactivity of Padilla

Nangia argues that Padilla is an "old rule" and, therefore, it is retroactive. (Pet. Reply at 9.) The Government argues that Padilla is a "new rule" and is not retroactive. (Govt. Mem. at 18.) While the Court need not reach the issue of retroactivity, "it is an open question in this circuit whether the rule articulated in Padilla applies retroactively and [] our sister circuits have reached divergent conclusions on this issue." Hill v. Holder, 454 F. App'x 24, 25 n.2 (2d Cir. 2012). To date, the majority of circuit courts have held that Padilla is a new rule and is not retroactive. United States v. Mathur, 685 F.3d 396, 402 (4th Cir. 2012); United States v. Amer, 681 F.3d 211, 214 (5th Cir. 2012); Chaidez v. United States, 655 F.3d 684, 687–88 (7th Cir. 2011); United States v. Chang Hong, 671 F.3d 1147, 1150 (10th Cir. 2011). The United States

Supreme Court recently granted certiorari to determine whether Padilla is retroactive. Chaidez v. United States, 655 F.3d 684, cert. granted, 132 S.Ct. 2101 (U.S. Apr. 30, 2012) (No. 11-820).

## IV. Conclusion

For the foregoing reasons, Nangia's Petition for a writ of error coram nobis [#1] is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
October 2, 2012



**RICHARD M. BERMAN, U.S.D.J.**